◼ In the Matter of the Claim of JOHN P. CHRISTIAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board filed June 29, 1967 which (1) held claimant ineligible for benefits effective July 12, 1965 through February 27, 1966 on the ground that he was not totally unemployed; (2) charged claimant with an overpayment of benefits deemed recoverable; (3) held that claimant willfully made false statements to obtain benefits; and (4) imposed a forfeiture of 80 days in future benefits. The claimant, a plumber during the period he was receiving benefits, applied for a plumbing license, filed a certificate of doing business under an assumed name, had business cards printed, and opened a checking account in the name of Compass Plumbing & Heating. He also placed advertisements in the name of Compass Plumbing & Heating in the yellow pages of the telephone book and in local newspapers, and purchased plumbing materials from two suppliers. He filed an income tax return for the year 1965 showing gross receipts of $4,922.77 in self-employment. A letter from Mel Weiner, the President of Best Plumbing Supply, Inc., introduced in

evidence, indicates that the claimant was a customer of Best Plumbing Supply, Inc., and had been purchasing plumbing supplies since October, 1965. The claimant contends that the Referee's decision was not made within five days after the hearing as required by subdivision 3 of section 620 of the Labor Law; that an affidavit made by claimant should not have been admitted into evidence since he was not advised of his right to counsel pursuant to his constitutional rights under the Fifth and Fourteenth Amendments of the Constitution of the United States. He further contends that there is no evidence of self-employment, or that he was not available for employment, and there is no evidence that he was overpaid. The provision of subdivision 3 of section 620 of the Labor Law that the Referee shall render his decision within five days after the hearing is concluded, is directory only and not mandatory, and courts are inclined to hold that a delay in the performance of such a detail will not invalidate a proceeding under the statute. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 172; *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie,* 272 App. Div. 162.) The board's determination that the claimant was self-employed and had willfully misrepresented that he was not self-employed and received an overpayment of benefits which was recoverable, is supported by substantial evidence and may not be disturbed. We find no merit in claimant's remaining contentions. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Staley, Jr., J.